IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL J. VALENZUELA,

    Plaintiff,

v.                                                                      Civ. No. 1:21-746 RB/KRS

MARK BELL, Detention Officer,

    Defendant.

## ORDER FOR *MARTINEZ* REPORT

THIS MATTER comes before the Court *sua sponte*. On December 16, 2021, the Court completed its screening function pursuant to 28 U.S.C. § 1915(e) and determined that Plaintiff's claim against Defendant Mark Bell, which was made pursuant to 42 U.S.C. § 1983 for alleged cruel and unusual punishment in violation of the Eighth Amendment, survived review. Doc. 15. As for Plaintiff's claims against Defendant Socorro County Detention Center ("SCDC"), the Court determined that Plaintiff failed to state a claim, as prisons and jail facilities are not "persons" subject to suit for money damages under § 1983. *Id*. at 1-2 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Aston v. Cunningham*, 216 F.3d 1086, at *4 n.3 (10th Cir. 2000)).

In *pro se* prisoner civil rights cases, a court may order the defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and to submit a report of their investigation in order to develop a factual or legal basis for determining whether meritorious claims exist. *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978). The court, in turn, may use the so-called *"Martinez* Report" in a variety of contexts, including deciding motions for summary judgment or entering summary judgment *sua sponte*. *See Hall v. Bellmon*, 935 F.2d 1106, 1111-12 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). When a *Martinez* report is used for

summary judgment purposes, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

To that end, Defendant here must submit all materials he considers relevant to Plaintiff's claims and defenses in addition to what the Court orders below. Plaintiff shall do the same in his response.

**IT IS, THEREFORE, ORDERED** that Defendant file a *Martinez* Report on or before **November 10, 2022**, as specified below:

1. Defendant's *Martinez* Report must address in a written brief all allegations against Defendant as well as any defenses Defendant wishes to pursue. Defendant shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without a brief is *not* compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked. Defendant must also provide affidavits to properly authenticate submitted documents.

5. The Court is aware that materials contained in Defendant's files may be sensitive and that there may be valid reasons for restricting access to such information. Defendant may move to seal confidential portions of documents submitted with the *Martinez* Report and

provide a redacted version of the Report to Plaintiff. If Defendant seeks to seal or redact any portion of the *Martinez* Report, he must file a motion to seal at least fourteen (14) days before the *Martinez* Report deadline. The motion shall describe with specificity the type of documents Defendant wishes to seal and shall assert the reasons for nondisclosure.

6. Should Defendant choose to file a motion for summary judgment concurrently with his *Martinez* Report, that motion shall be filed separate and apart from the Report and must comply with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendant shall instead cite to the *Martinez* Report. The Report itself, however, need not adhere to the page limitation on exhibits concerning motions for summary judgment set forth in the Local Rules. Defendant must provide citations supporting his assertions with specificity. At the very least, Defendant should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

**IT IS FURTHER ORDERED** that Plaintiff shall file his response to the facts contained within Defendant's *Martinez* Report on or before **December 12, 2022**. If Defendant files a motion for summary judgment, Plaintiff must file a separate response within thirty days. Defendant shall file his reply, if any, to a motion for summary judgment within fourteen days of Plaintiff's response. Defendant need not file a reply to Plaintiff's Response to the *Martinez* Report.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**