IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL J. VALENZUELA,

    Plaintiff,

v.                                                          Civ. No. 1:21-746 RB/KRS

MARK BELL, Detention Officer,

    Defendant.

## ORDER ON PENDING MOTIONS

THIS MATTER comes before the Court on two motions: Plaintiff's motion to appoint counsel (Doc. 37), filed August 17, 2022, and his motion for court order (Doc. 42), filed September 22, 2022. For the following reasons, the Court finds that these motions are not well taken and will be denied.

Plaintiff Gabriel J. Valenzuela is currently incarcerated at the Penitentiary of New Mexico in Santa Fe, New Mexico. *See* Doc. 42 at 2; *see also* https://www.cd.nm.gov/offender-search (last visited Oct. 3, 2022). On or about November 26, 2020, while he was incarcerated at Socorro County Detention Center, Plaintiff alleges that he was subject to cruel and unusual punishment in violation of the Eighth Amendment when Defendant Mark Bell struck him with a closed fist approximately four times. *See* Doc. 1.

In his instant motion to appoint counsel, Plaintiff asks the Court "if possible to appoint [him] . . . a lawyer because [he] can't afford a lawyer." Doc. 37 at 1. United States District Courts lack the authority to appoint counsel to represent indigent prisoners in cases brought under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Ct*., 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases

1

pursuant to 28 U.S.C. § 1915(e)(1). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). These factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id*. (internal quotation marks omitted). It is Plaintiff's burden to show that his claim has merit and that his case is one of "those extreme cases where lack of counsel results in fundamental unfairness." *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

In his motion to appoint counsel, Plaintiff does not address the first *Rucks* factor (i.e., the merits of his claim). *See generally* Doc. 37. However, even assuming Plaintiff could meet his burden to demonstrate a sufficiently meritorious claim, the remaining *Rucks* factors weigh against the Court requesting *pro bono* counsel for Plaintiff at this time. Plaintiff's singular remaining allegation – that Defendant Bell violated his rights under the Eighth Amendment – appears to arise out of a single altercation between himself and Defendant Bell. *See Doc. 1*. In other words, Plaintiff asserts a single constitutional claim against a single defendant arising out of a single incident and, as such, the facts and legal issues at play appear to be few and relatively straightforward.

Regarding Plaintiff's ability to present his claims, *see Rucks*, 57 F.3d at 979, Plaintiff explains in his Complaint that "the law is confusing for [him,]" as he has problems with "learning and reading[,] writing and behaver [sic]." Doc. 1 at 9. Yet, a review of Plaintiff's filings in this case reveals that any learning disabilities or difficulties with writing and/or spelling

have not prevented Plaintiff from communicating his factual and legal assertions in this case.[1] In short, Plaintiff has managed to adequately explain what he seeks, why he seeks it, and the law that allegedly provides him relief. Moreover, even before the filing of a *Martinez* Report, Plaintiff appears to have obtained and submitted to the Court documentation that he contends supports his claim. *See, e.g.,* Docs. 1 at 11; 33. Under these circumstances, the Court concludes that Plaintiff has demonstrated the ability to adequately present his claims without the assistance of *pro bono* counsel at this time.

While Plaintiff would no doubt have an easier time litigating his case with the assistance of legal counsel, this is true of virtually all *pro se* litigants. *See, e.g., Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said of any case."). Because Plaintiff has no right to appointed counsel in this matter and has not met his burden to persuade the Court that his claims warrant a request for *pro bono* counsel, his motion for appointment of counsel will be denied.

Next, in his September 22, 2022 motion, Plaintiff asks the Court to "order . . . the Santa Fe Penitentiary . . . case worker and unit manager for the BA compound to alow [sic] [him] to be able to make legal phone calls to lawyers." Doc. 42 at 1. Plaintiff explains that despite his efforts, the case worker and unit manager have advised him that he is not permitted to make these types of calls, or they have indicated that they have not received his requests in this regard. *Id*.

---

[1] Plaintiff indicated in his "Letter to the Judge" appended to his Complaint, that his cousin had been assisting him with "writing, spelling, phrasing and wording documents[,] motion and letters . . . ." Doc. 1 at 9. He further explained, in this July 2021 letter, that his cousin would be released from incarceration that same month. Doc. 1 at 9. Nevertheless, Plaintiff has submitted multiple filings since July 2021, and, thus far, the Court is satisfied that Plaintiff retains the ability to adequately communicate his factual assertions and legal theories.

Significantly, though, neither the Santa Fe Penitentiary nor its employees are parties to the present action. Indeed, Defendant Bell is the only remaining defendant in this action, which relates to an incident that took place at a different facility. *See* Doc. 15. As such, the Court cannot provide the relief requested, and Plaintiff may need to resort to his current facility's grievance procedures to raise concerns regarding his phone access.

IT IS THEREFORE ORDERED that Plaintiff's motion to appoint counsel (Doc. 37) and his motion for court order (Doc. 42) are hereby **DENIED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**