IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL J. VALENZUELA,

    Plaintiff,

v.                                                                                                                               No. 1:21-cv-746 RB/KRS

MARK BELL,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD) filed June 5, 2023. (Doc. 61.) The Magistrate Judge recommended: (1) granting Officer Bell's Motion for Summary Judgment (Doc. 48) due to Plaintiff's failure to exhaust his administrative remedies; (2) denying Plaintiff's motions (Docs. 49; 50; 58); and (3) dismissing this case without prejudice. (*Id.* at 10–11.)

The PFRD notified the parties of their ability to file objections within 14 days and that failure to do so waives appellate review. (*Id.* at 11.) On June 15, 2023, Plaintiff filed a Motion for Extension, stating he is trying to obtain transfer records for November 26–27, 2020. (Doc. 62.) In the PFRD, the Magistrate Judge considered Plaintiff's argument that his failure to exhaust should be excused on the basis that the prison's grievance process was unavailable to him because he was transferred to a different facility the morning after the incident giving rise to his Section 1983 claim (*i.e.*, November 27, 2020). (Doc. 61 at 9–10.) The Magistrate Judge found that Plaintiff's unavailability argument lacks merit because evidence in the record shows that prison officials filed a motion seeking court approval for Plaintiff's transfer from the Socorro County Detention Center to the Central New Mexico Correctional Facility on December 1, 2020, and Plaintiff was

1

transferred on December 4, 2020—approximately eight days after the incident. (*Id.* at 9 (citing Doc. 47-1 at 77, 87–90.) The Magistrate Judge thus found that Plaintiff failed to meet his burden of establishing that the grievance process was unavailable to him. (*Id.* at 9–10 (relying on *Spotts v. Carter*, No. 21-cv-0842 RBJ/NYW, 2022 WL 1203218, at *9 (D. Colo. Apr. 22, 2022); *Huffman v. Allred*, No. 11-cv-1459 CMA/KLM, 2013 WL 424779, at *6 (D. Colo. Jan. 10, 2013)).)

While Plaintiff now asks the Court to allow him an open-ended extension of time to obtain transfer records from November 26–27, 2020, he does not provide any basis that such records exist. The record clearly shows that Plaintiff was transferred on December 4, 2020. Moreover, Plaintiff has had ample time to seek such records and has not indicated that he has made any efforts to do so. Therefore, the Court denies Plaintiff's motion for an extension and adopts the PFRD. *See Ortega v. N.M. Legal Aid, Inc.*, No. 18-cv-0111 MV/KK, 2019 WL 1324463, at *3 (D.N.M. Mar. 25, 2019) (denying motion for extension of time to file objections because party did not demonstrate good cause for extension).

**IT IS THEREFORE ORDERED** that:

1. The Proposed Findings and Recommended Disposition (Doc. 61) is **ADOPTED**;
2. Officer Bell's Motion for Summary Judgment (Doc. 48) is **GRANTED**;
3. Plaintiff's motions (Docs. 49; 50; 58; 62) are **DENIED**; and
4. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE